IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SYDNEY KENDALL, a minor, by and through her Next Friend, Elizabeth Kendall, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 09-0539-CV-W-GAF ) |
| THE NORTHERN ASSURANCE COMPANY OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Presently before the Court are Plaintiff Sydney Kendall's ("Plaintiff") Motion to Remand (Doc. #9) and Defendant The Northern Assurance Company of America's ("Northern") Motion to Transfer (Doc. #2). Because the Court finds it lacks jurisdiction over the above-captioned case, Plaintiff's Motion to Remand is GRANTED and Northern's Motion to Transfer is DENIED as moot. The case is REMANDED to the Circuit Court of Jackson County, Missouri, at Kansas City for all further proceedings.

## DISCUSSION

### I. Background

The instant action involves an insurance coverage dispute arising from an accident that rendered Plaintiff, a Missouri citizen, permanently disabled. (Petition ("Pet."), ¶¶1, 9). On May 6, 2009, Plaintiff obtained a judgment in the Circuit Court of Jackson County, Missouri, against Defendants Michael Kendall, Christopher Kendall, and Edward Kendall ("the Kendalls"), all Missouri citizens, in the amount of ten million dollars ($10,000,000.00) for actual damages suffered

1

by Plaintiff as a result of the Kendalls' conduct. (Pet., ¶¶3-5 & Ex. 4). Prior to the entry of this judgment, Plaintiff and the Kendalls entered into a settlement agreement pursuant to Mo. Rev. Stat. § 537.065, whereby Plaintiff agreed to limit her right to collect any judgment rendered in her favor against the Kendalls to the proceeds from the Kendalls' insurance policies and the Kendalls assigned their cause of action for bad faith against Northern to Plaintiff. (Pet., Ex. 3, ¶2F).

On June 5, 2009, Plaintiff filed the instant action against the Kendalls and Northern, a Vermont corporation with its principal place of business located in Massachusetts, in the Circuit Court of Jackson County, Missouri, at Kansas City, seeking equitable garnishment pursuant to Mo. Rev. Stat. § 379.200 and damages for Northern's alleged bad faith refusal to settle. (Pet., ¶2). Thereafter, on July 15, 2009, Northern filed its Notice of Removal. (Doc. #1).

**II.     Standard**

A party may remove an action to federal district court if there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Moreover, "a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

**III.    Analysis**

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (citation omitted). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, Plaintiff and the Kendalls are all citizens of Missouri and therefore this Court only has jurisdiction over the matter if (1) the Kendalls were fraudulently joined or (2) the interests of the parties are such that the Kendalls must be realigned as plaintiffs and the case is not considered a direct action against Northern.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Courts have consistently held that § 379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute. *See Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) (recognizing "the plain statutory command that the judgment debtor be joined in an action under § 379.200"); *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996) (stating "the clear language of the statute" requires plaintiff to join the judgment debtor); *Haines v. Sentinel Ins. Co.*, No. 08-00981-CV-W-FJG, 2009 WL 648894, at *2 (W.D. Mo. March 11, 2009) (finding judgment debtor is a necessary party-

3

defendant to a § 379.200 action); *Parsons v. Allstate Ins. Co.*, No. 02-421-CV-W-FJG, slip op. at 7 (W.D. Mo. March 31, 2003) (remanding case because joinder of a non-diverse judgment debtor "is mandated by [§ 379.200]"). Because the Kendalls are judgment debtors as to Plaintiff, § 379.200 requires their joinder. Therefore, it cannot be said that such joinder is fraudulent as a reasonable basis in fact and law is present.[1]

Nor should the Kendalls be realigned as plaintiffs. This Court has rejected this realignment argument on at least four separate occasions. *See Haines*, 2009 WL 648894, at *2; *Parsons*, No. 02-421-CV-W-FJG, slip op. at 8; *R&L Siding*, No. 01-4091-CV-C-5, slip op. at 6-7; *Avant*, No. 95-1158-CV-W-9, slip op. at 3. By its express terms, § 379.200 requires that suit be brought "*against* the [judgment debtor] and insurance company." Mo. Rev. Stat. § 379.200 (emphasis added). Given the Court's previous rulings and the plain statutory command of § 379.200, realignment of the Kendalls is improper because they are "necessary party defendant[s] to the action under Mo. Rev. Stat. § 379.200." *Haines*, 2009 WL 648894, at *2. Nevertheless, even if realignment were proper, Northern is considered a Missouri resident for purposes of Plaintiff's § 379.200 claim as this case is a direct action within the meaning of 28 U.S.C. § 1332(c)(1).[2] *See Prendergast*, 921 F. Supp. at 655; *Parsons*, No. 02-421-CV-W-FJG, slip op. at 10; *R&L Siding*, No. 01-4091-CV-C-5, slip op.

---

[1] Northern's fleeting argument that "the Kendalls are merely nominal or formal parties" is unpersuasive. This Court has repeatedly held that judgment debtors are "necessary party-defendants" to a § 379.200 claim. *See Haines*, 2009 WL 648894, at *2; *Cincinnati Ins. Co. v. R&L Siding, Inc.*, Case No. 01-4091-CV-C-5, slip op. at 7 (W.D. Mo. June 21, 2002); *Avant v. Jodoin*, Case No. 95-1158-CV-W-9, slip op. at 3 (W.D. Mo. Apr. 5, 1996).

[2] Section 1332(c)(1) provides, in part, that "in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen. . . ."

4

at 7; *Ballmer*, No. 96-1143-CV-W-9, slip op. at 4-5. *See also Am. States Ins. Co. v. Gates Corp.*, Nos. 4:07CV932 RWS & 4:07CV1554 RWS, 2008 WL 163588, at *3-4 (E.D. Mo. Jan. 17, 2008) (finding that if the judgment debtor was realigned as a plaintiff, he would no longer be a party-defendant in the matter and therefore the insurer would be deemed a citizen of Missouri by operation of § 1332(c)(1)). For these reasons, complete diversity of the parties does not exist in this action. Plaintiff's Motion to Remand is GRANTED.

## CONCLUSION

There is not complete diversity of the parties in this case as the Kendalls were not fraudulently joined, it would be improper to realign the Kendalls as plaintiffs, and Northern is deemed a citizen of Missouri by operation of 28 U.S.C. § 1332(c)(1). Accordingly, the Court does not have subject matter jurisdiction over the matter. Plaintiff's Motion to Remand is GRANTED and the above-captioned case is REMANDED to the Circuit Court of Jackson County, Missouri, at Kansas City. Because the case is remanded, Northern's Motion to Transfer is DENIED as moot.[3]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: August 25, 2009

---

[3] Plaintiff's request for attorneys' fees and costs is DENIED.